# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10557
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLTON RAY TAYLOR,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:11-CR-2

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Carlton Ray Taylor appeals the 12-month above-guidelines sentence imposed by the district court following the revocation of his supervised release stemming from his conviction for bank robbery. *See* 18 U.S.C. § 3583(e). The revocation was based on Taylor's possession and use of cocaine, in violation of the express conditions of his release. Taylor contends on appeal that his sentence is procedurally unreasonable because the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court failed to explain adequately its reasons for imposing an above-guidelines sentence.  Taylor failed to lodge an objection following the imposition of the challenged sentence, so we review the district court's decision for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009); *Puckett v. United States*, 556 U.S. 129, 135 (2009).

"A district court may impose any sentence upon revocation of supervised release that falls within the statutory maximum term allowed for the revocation sentence, but must consider the factors enumerated in 18 U.S.C. § 3553(a) and the policy statements before doing so." *United States v. Davis*, 602 F.3d 643, 646 (5th Cir. 2010).  A court must provide some explanation if it imposes a revocation sentence outside the advisory guidelines range, but that burden is not an onerous one.  *See Whitelaw*, 580 F.3d at 261-62.  Moreover, appellate review of supervised release revocation sentences is more deferential than is appellate review of original sentences.  *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).

Taylor's 12-month sentence falls within the statutory maximum term of revocation.  *See* 18 U.S.C. § 3583(e)(3).  He nevertheless contends that the district court's barebones reference to the 18 U.S.C. § 3553(a) factors of deterrence and protection of the public, without specific application to the facts of his case, failed to explain adequately its decision to impose an above-guidelines sentence in light of the compelling reasons favoring a within-guidelines term.  The revocation hearing transcript reflects that the district court heard argument from Taylor's counsel in favor of a sentence within the guidelines range.  In addition, the district court had before it evidence of Taylor's possession and use of illegal drugs—in direct contravention of the supervised release conditions—which included his affirmative admission of guilt.  The district court also implicitly considered the supervised release

violation report's guidelines calculation of three to nine months.  Given these facts, the court's decision to impose an above-guidelines sentence represents an implicit rejection of Taylor's pleas for leniency.  *See Rita v. United States*, 551 U.S. 338, 356-59 (2007); *United States v. Rodriguez*, 523 F.3d 519, 524-26 (5th Cir. 2008).

Although brief, the district court's stated reasons "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007).  Accordingly, the sentencing court did not commit clear or obvious procedural error with respect to its explanation of Taylor's above-guidelines revocation sentence.  *See Puckett*, 556 U.S. at 135.

AFFIRMED.